441 S.E.2d 655

**In re APPLICATION OF Wesley W. METHENEY for State License to Carry a Deadly Weapon.**

**No. 21889.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 1994.

Decided Feb. 17, 1994.

Dissenting Opinion of Justice Workman Feb. 17, 1994.

J. Michael Benninger, Wilson, Frame & Metheney, Morgantown, for appellant.

PER CURIAM:

Wesley W. Metheney appeals the denial of his application to obtain a license to carry a *concealed* deadly weapon pursuant to *W.Va. Code* 61–7–4 [1989]. Mr. Metheney main-

tains that the denial of his application was an abuse of discretion. Because the record clearly demonstrates that Mr. Metheney should be granted a license to carry a concealed deadly weapon, we reverse the order of the circuit court and remand the case with directions that the circuit court grant Mr. Metheney his license.

This is Mr. Metheney's third appeal to this Court concerning the rejection of his application. In *In re Application of Metheney*, 182 W.Va. 722, 391 S.E.2d 635 (1990) (*Metheney I*), we noted that Mr. Metheney and several other applicants had been denied applications to carry a concealed deadly weapon. Although disagreeing with the contentions of the *Metheney I* applicants[1], we found that *W.Va.Code* 61–7–4 [1989] allows a circuit court the discretion "to examine the assertions made by applicants for a license to carry a concealed deadly weapon...." *Metheney I*, 182 W.Va. at 725, 391 S.E.2d at 638. In Syllabus Point 2, *Metheney I*, we said:

> West Virginia Code § 61–7–4 (1989) sets out the eight specific requirements necessary to obtain a license to carry a concealed deadly weapon. If the judge deter-

mines that the specific requirements have been satisfied, then the circuit court must issue the license. However, the circuit court also has the power to examine the assertions made by the applicants to determine if the reasons are valid. If the court determines that the statute has not been satisfied, the petition for the license will be denied and an order issued with the court's findings of fact.

Based on *Metheney I*, the circuit court on remand held a hearing to examine Mr. Metheney's assertions.[2] During the hearing, in attempting to show that he meets the requirements of *W.Va.Code* 61–7–4 [1989], Mr. Metheney testified that he needs a concealed weapon for self-defense and defense of family and home. Mr. Metheney described several break-ins at his office and family farm as well as several incidents when he was threatened while attempting to conduct investigations on behalf of criminal defense clients. After hearing Mr. Metheney's description of specific incidents, the circuit court found that although Mr. Metheney met the general requirements of *W.Va.Code* 61–7–4 [1989][3], Mr. Metheney's reasons for

---

1. In *Metheney I*, the applicants claimed a constitutional right to carry concealed deadly weapons and contended that outside the specific provisions of *W.Va.Code* 61–7–4 [1989], the circuit court was without discretion to deny their applications. *See Metheney I*, 182 W.Va. at 724–25, 391 S.E.2d at 637–38 for our discussion of the constitutional right claim and the Legislature's intention to allow only citizens qualified under *W.Va.Code* 61–7–4 [1989] to obtain licenses to carry concealed weapons; *see also Metheney I*, 182 W.Va. at 725, 391 S.E.2d at 638 for our discussion of the circuit court's ability to examine the assertions made by applicants before granting a license to carry a concealed weapon.

2. After *Metheney I*, the circuit court affirmed the denial holding that no additional evidentiary hearing was necessary, and that Mr. Metheney's case was insufficient. Asserting that the circuit court's denial was part of a blanket policy, Mr. Metheney again appealed. By order dated November 7, 1990, we remanded the case "for the purpose of supplementing the record...." After the circuit court failed to act, this Court, by writ issued on March 26, 1993, directed the circuit court "either to render a ruling granting the permit upon the application or to conduct a hearing on the allegations in the petition." On April 22, 1993, the circuit court granted a hearing. After the hearing, the circuit court again

denied Mr. Metheney's application and the present appeal concerns this denial.

3. *W.Va.Code* 61–7–4 [1989] states, in pertinent part:

> (a) Any person desiring to obtain a state license to carry a concealed deadly weapon shall apply to the circuit court of his or her county for such license, and shall pay to the clerk of the circuit court, at the time of application, a filing fee of twenty dollars. The applicant shall file with the clerk of the circuit court an application in writing, duly verified, which sets forth the following:
>
> (1) That the applicant is a citizen of the United States of America or lawfully resides in the United States of America;
>
> (2) That, on the date the application is made, the applicant is a bona fide resident of this state and of the county in which the application is made;
>
> (3) That the applicant is eighteen years of age or older;
>
> (4) That the applicant is not addicted to alcohol, a controlled substance or a drug, and is not an unlawful user thereof;
>
> (5) That the applicant has not been convicted of a felony or of an act of violence involving the misuse of such deadly weapon;

seeking a permit were insufficient to justify granting the requested permit. Following the circuit court's third denial of his application, Mr. Metheney appealed to this Court.

According to the record the circuit court determined that Mr. Metheney met the eight specific requirements listed in *W.Va. Code* 61–7–4 [1989]. However, the circuit court found that in order to satisfy the requirement that "the applicant desires to carry such deadly weapon for the defense of self, family, home or state, or other lawful purpose" (*W.Va.Code* 61–7–4(a)(6) [1989] ), it was incumbent that Mr. Metheney show a "particular special and compelling need ... to carry a concealed deadly weapon for the purposes of self-defense or the defense of family and home." Although the circuit court has discretion to examine the assertions made by applicants to determine if the reasons are valid, *W.Va.Code* 61–7–4 [1989] does not require an applicant to show a "particular special and compelling need." Given the statute's specific requirements, a court's review of an application cannot go behind the applicant's assertions unless the court has reason to believe, or the facts imply, that the applicant might seek to carry the weapon for an unlawful purpose. In this case we find that the circuit court erred in requiring the showing of a compelling need.

Because the circuit court found that Mr. Metheney met the requirements set out in *W.Va.Code* 61–7–4 [1989], we reverse the de-cision of the circuit court and remand the case to the circuit court with directions to issue Mr. Metheney a license to carry a concealed deadly weapon within ten days of the filing of this opinion.

For the above stated reasons, the judgment of the Circuit Court of Monongalia County is reversed and the case is remanded for the issuance of Mr. Metheney's license to carry a concealed deadly weapon.

Reversed and remanded.

WORKMAN, Justice, dissenting:

(Filed Feb. 17, 1994)

This case should not be about Wesley Metheney.[1] It is a case about concealed deadly weapons, whether the state legislature really intended for almost everyone to have the right to carry a concealed handgun, and whether the circuit courts have any discretion in the regulation of concealed gun permits.

The majority opinion obliterates the circuit court's discretion in the matter of concealed deadly weapons and has the potential of permitting almost everybody in West Virginia to pack a concealed weapon, effectively making West Virginia another Dodge City.

The majority opinion (*Metheney* III) is also inconsistent with *Metheney* II. In *Metheney* II, this Court said that a circuit court had the discretion to examine asser-

---

(6) That the applicant desires to carry such deadly weapon for the defense of self, family, home or state, or other lawful purpose;
(7) That the applicant is physically and mentally competent to carry such weapon;
(8) That, in the case of a person applying for a license to carry a concealed pistol or revolver, the applicant has qualified under minimum requirements for handling and firing such firearms. These minimum requirements are those promulgated by the department of natural resources and attained under the auspices of the department of natural resources....

.    .    .    .    .

(b) The court shall issue or deny such license within thirty days after the application is filed with the circuit clerk. The court shall, if necessary, hear evidence upon all matters stated in such application and upon any other matter related to the eligibility of the applicant under subsection (a) of this section. If from such application or the proof it appears that the purpose for such person to carry such weapon is defense of self, family, home or state, or other lawful purpose, and all other conditions in subsection (a) are complied with, the court, or the judge thereof in vacation, shall grant such license.
(c) In the event an application is denied, the specific reasons for the denial shall be stated in the order of the court denying the application. Upon denial of an application and at the request of the applicant made within ten days of such denial, the court shall schedule the matter for a hearing. The applicant may be represented by counsel, but in no case shall the court be required to appoint counsel for an applicant. The final order of the court shall include the court's findings of fact and conclusions of law.

1. It is doubtful, however, that the majority would have reached the same result if Mr. Metheney were a laborer instead of a successful lawyer.

tions made by applicants to determine if the reasons are valid. Here the circuit court did examine the applicant's assertions and determined that under all the circumstances existing in Monongalia County the applicant had not demonstrated a need for a concealed deadly weapon permit.

We have previously recognized that "[t]he State, through exercise of its police power, is vested with the authority to enact laws, within constitutional limits, to promote the general welfare of its citizenry." *City of Princeton v. Buckner,* 180 W.Va. 457, 464, 377 S.E.2d 139, 146 (1988).

In enacting Chapter 61, Article 7, the legislature specifically enunciated an "obligation of the state to reasonably regulate the right of persons to keep and bear arms for self-defense." W.Va.Code § 61–7–1 (1992).

Mr. Metheney focused on self-defense as the basis for his need for a concealed weapon. However, individuals already have the right to keep a weapon on one's premises and to carry a weapon to and from places where they may be lawfully used, and such actions are not regulated by statute. *See Buckner,* 180 W.Va. at 465–66, 377 S.E.2d at 146.

In this case, the circuit court examined each of Mr. Metheney's assertions and found that he failed to demonstrate a need for a concealed deadly weapon for self-defense. The circuit court determined that in the incidents described by Mr. Metheney, his ability to carry a concealed deadly weapon would either have had no effect or would have increased the likelihood of a violent response.

The circuit court held two hearings on Mr. Metheney's application. The circuit court heard the evidence and knows first hand the surrounding facts and circumstances, and the necessity (or lack thereof) for a concealed weapon in Monongalia County and surrounding parts of West Virginia. Therefore, as the presiding judge, the circuit court is in a better position than this appellate court, examining a cold record and being far removed from Monongalia County, to determine whether an applicant's assertions demonstrate a need for a concealed weapon. This Court should not disturb the circuit court's findings merely because it would have reached a different result.

The last thing we need in West Virginia is carte blanche distribution of concealed handgun permits.